UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| WILLIAM KANATAS, | ) | CASE NO. 09-27689 |
| | ) | |
| | ) | HON. TIMOTHY A. BARNES |
| Debtor. | ) | Hearing Date: July 18, 2012 |
| | | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR**
**PROFESSIONAL COMPENSATION**

Name of Applicant:     GUS A. PALOIAN, Chapter 7 Trustee

Date of Order Authorizing Employment:     August 26, 2009

Period for Which
Compensation is Sought:     August 26, 2009, through the close of the case

Amount of Fees Sought:     $1,991.16

Amount of Expense
Reimbursement Sought:     $0.00

This is an:                                Interim Application _____     Final Application:     X

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |
| | | | |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:

Date:   June 11, 2012               By:   /s/ Gus A. Paloian
                                                            Applicant: GUS A. PALOIAN, Chapter 7 Trustee

14503061v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Case No. 09-27689 |
| ) | Chapter 7 |
| WILLIAM A. KANATAS, ) | |
| ) | Hon. Timothy A. Barnes |
| Debtor. ) | |
| ) | Hearing Date:  July 18, 2012 |
| ) | Hearing Time:  10:30 a.m. |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION  TO CHAPTER 7 TRUSTEE**

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $1,991.16 in final compensation (the "Fees") for services rendered in the above-captioned case from August 26, 2009, through the closing of the case (the "Application Period").  In support of this Application, the Trustee respectfully states as follows:

**I. JURISDICTION**

1.    This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e).

## II. BACKGROUND

### A. Procedural Background

2. On July 30, 2009, the Debtor filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned case (the "Case").

3. On August 26, 2009, Gus A. Paloian was appointed as Chapter 7 Trustee in the Case.

### B. Overview of Case

4. The Debtor's Schedules listed assets totaling approximately $2.2 million and liabilities totaling approximately $72 million. The Debtor's assets included 2 parcels of real property each with market values exceeding $1 million. The Debtor also listed interests in more than 30 businesses (some of which closed within the few years before the Petition Date) all of which were listed as having $0 or unknown value. By the date the Trustee was appointed, a motion to compel the Trustee to abandon one parcel of real property was pending with the Court. Shortly after Trustee's appointment, a second motion to compel the Trustee to abandon the Estate's interest in a business interest was filed. Trustee requested that his attorneys represent him in response to the motions to compel and to assist him in determining the value to the Estate of the Debtor's assets, including those assets that were the subject of the motions to compel. Trustee worked with his attorneys to analyze documents produced to the Trustee regarding the Debtor's financial affairs for purposes of identifying assets of value to the Estate. Ultimately, the Trustee did not identify any assets of value to the Estate, with the exception of a luxury watch collection ("Property") which the Trustee obtained court authority to sell and recovered $13,000.00 which was $3,000.00 higher than the scheduled value of the Property.

### C. Services Rendered by the Trustee to the Estate

5.  During the Application Period, the Trustee performed 17.30 hours of actual and necessary services on behalf of the Estate, worth a total value of $4,656.50. Further, the Trustee estimates that he will perform an additional three hours of service, with a total value of $1,100.00, in connection with his appearance at the final hearing, preparation of the final distribution and preparation and filing of his final account. An itemized statement describing the services rendered is attached hereto as **Exhibit 1.**

6.  The services included, but were not limited to, the following:

    A.  Analyzing the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs; conducting a Section 341 examination of the Debtor; conducting an extensive investigation of the Debtor's assets and financial affairs;

    B.  Instructing counsel to prepare necessary pleadings and motions in the case;

    C.  Securing the watch collection prior to the sale of the Property;

    D.  Reviewing schedules, bank ledgers and claims in preparation of final report;

    E.  Communicating with tax accountants with respect to evaluating the Estate's tax obligations;

    F.  Maintaining Estate's bank accounts, performing bank reconciliations and investing the funds collected and liquidated; and

    G.  Preparing reports, as required, by the United States Trustee.

### III. RELIEF REQUESTED

7. The Trustee respectfully requests that the Court allow and award him, on a final basis, the Fees and authorize the him to pay the Fees out of Estate funds, for services rendered in the Case. A draft order granting such relief is attached hereto for the Court's consideration.

### IV. BASIS FOR REQUESTED RELIEF

#### A. Applicable Standards for Trustee Compensation

8. Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining the amount of compensation to be awarded to a trustee. See Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

9. Section 326(a) of the Bankruptcy Code limits the maximum amount of compensation that may be awarded to a trustee. See id.; In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a percentage of the moneys brought into the Estate by the trustee's services." Churchfield Mgmt. & Inv. Corp., supra. In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

10. The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit. See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

11. In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

12. "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]" In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

13. The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

### B. Application of the Cited Standards to the Requested Relief

14. This Application is the Trustee's first and final application for compensation in this Case.

15. The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $1,991.16.

16. As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case and that the monies awarded and paid to Trustee be deemed final.

### V. TRUSTEE'S FINAL REQUEST FOR COMPENSATION

17. The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | |
|---|---|
| 25% of the first $5,000.00 disbursed | = $1,250.00 |
| 10% of the next $7,411.55 disbursed | = <u>$741.16</u> |
| MAXIMUM COMPENSATION ALLOWABLE | = $1,991.16 |
| **COMPENSATION REQUESTED** | = <u>**$1,991.16**</u> |

18. As of the date of the Application, the Trustee collected $27,912.12 for the benefit of the Estate and disbursed $6,177.60. The exemption paid to the Debtor on account of the Property (i.e. $1,292.00) is excluded from the calculation of the maximum compensation set forth above. There will not be a surplus of funds turned over to the Debtor in this case.

19. The Trustee requests allowance of final compensation in this case in the amount of $1,991.16. The amount requested is equal to the maximum compensation allowable as set forth above. The Trustee believes that this request is justified under a reasonableness analysis of the facts of this case.

20. The Trustee believes that the compensation requested is appropriate in light of the results and benefits achieved through his efforts on behalf of the Estate and its creditors.

## VI. NO PRIOR REQUEST

21. No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtors' Estate, respectfully requests that the Court enter an Order:

    A.    Allowing and awarding compensation to Trustee in the amount of $1,991.16 on a final basis;

    B.    Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution; and

14503061v.1

      C.    Granting such other and further relief as the Court deems just and proper.

Dated: June 11, 2012

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely as the Chapter 7 Trustee of the bankruptcy estate of William Kanatas, Debtor

By: /s/ Gus A. Paloian
    Gus A. Paloian (06188186)
    SEYFARTH SHAW LLP
    131 South Dearborn Street
    Suite 2400
    Chicago, Illinois 60603-5577
    Telephone: (312) 460-5000

14503061v.1

# EXHIBIT 1

14503061v.1

## TRUSTEE

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 10/27/09 | Schedule Section 341 meeting with Debtor's counsel (.20); phone call to Trustee's office regarding recorder for same (.20) | N. Bouchard | 0.40 | 42.00 |
| 11/17/09 | Email correspondence to Debtor's counsel regarding cancellation of Section 341 Meeting of Creditors | N. Bouchard | 0.20 | 21.00 |
| 02/24/10 | Conduct continued meeting of creditor (.50); prepare for meeting (1.90). | G. Paloian | 2.40 | 1,332.00 |
| 02/24/10 | Prepare criminal referral letter to U.S. Trustee's office for G. Paloian (.80); prepare for Section 341 Meeting of Creditors (.50); conference with G. Paloian regarding review of production (.50); e-mail to U.S. Trustee's office regarding their interest in Debtor documents (.10). | N. Bouchard | 1.90 | 237.50 |
| 03/01/10 | Cause report of assets to be filed with the Court. | N. Bouchard | 0.10 | 12.50 |
| 04/13/10 | E-mail correspondence to HR department regarding access to firm safe regarding storage of watches. | N. Bouchard | 0.10 | 12.50 |
| 04/19/10 | Arrange for delivery of Debtor's watches (.10); pick-up same from Debtor (.20); arrange for same to be kept in firm safe (.10). | N. Bouchard | 0.40 | 50.00 |
| 04/30/10 | Meeting with watch dealer regarding watch assessment and offer (.80); conference with N. Bouchard regarding motion to sell watches (.20); | G. Paloian | 1.00 | 555.00 |
| 07/09/10 | Follow-up with N. Bouchard regarding case status (.10); update claims in TCMS (.10). | J. McManus | 0.20 | 47.00 |
| 07/16/10 | Respond to creditor inquiries. | J. McManus | 0.10 | 23.50 |
| 08/27/10 | Investigate status, revise status report and prepare for case status meeting with G. Paloian and R. Podorovsky (.10); attend meeting regarding same (.20); West regarding tax return status (.10). | J. McManus | 0.40 | 94.00 |
| 09/01/10 | Run draft distribution report for G. Paloian. | J. McManus | 0.30 | 70.50 |
| 09/20/10 | Retrieve production lists and production documents for G. Silver regarding Kanatas deposition. | J. McManus | 0.30 | 70.50 |
| 09/21/10 | Confer with G. Paloian regarding Kanatas production (.10); communications with G. Silver regarding same and regarding Kanatas deposition (.10). | J. McManus | 0.20 | 47.00 |
| 09/21/10 | Meet with J. McManus regarding: documents produced to Trustee and requested by UST (.20); review case file for additional documents needed by UST (.20). | R. Knapp | 0.40 | 88.00 |

14503062v.1

| **Date** | **Description** | **Timekeeper** | **Hours** | **Value** |
|---|---|---|---|---|
| 09/21/10 | Review files regarding document production for G. Silver at US Trustees Office by N. Bouchard (.50); discuss with J. McManus (.50). | A. Shepro | 1.00 | 80.00 |
| 09/22/10 | Telephone conference with G. Silver of US Trustee's Office regarding Kanatas investigation. | G. Paloian | 0.30 | 166.50 |
| 09/30/10 | Reconcile accounts (.10); update banking file (.10). | J. McManus | 0.20 | 47.00 |
| 10/28/10 | Run proposed distribution for G. Paloian. | J. McManus | 0.20 | 47.00 |
| 11/01/10 | Reconcile bank accounts. | J. McManus | 0.10 | 23.50 |
| 12/21/10 | Prepare Final Report. | J. McManus | 0.50 | 117.50 |
| 12/28/10 | Run and review draft distribution report for G. Paloian. | J. McManus | 0.20 | <u>47.00</u> |
| 01/13/11 | Revise Form 3 for Annual Report. | J. McManus | 0.20 | 49.00 |
| 01/25/11 | Revise Form 2 for Annual Report. | J. McManus | 0.20 | 49.00 |
| 01/28/11 | Revise Annual Report (.20); enter scheduled assets (.80). | J. McManus | 1.00 | 245.00 |
| 02/01/11 | Confer with G. Paloian regarding Annual Report (.10); revise Form 2 regarding same (.20). | J. McManus | 0.30 | 73.50 |
| 02/14/11 | Telephone conference with L. West regarding final tax returns (.20); assemble additional tax materials regarding same (.20). | J. McManus | 0.40 | 98.00 |
| 02/23/11 | Compile Forms 1 and 2 from TCMS and email same documents to Lois West, CPA (.10). | A. Shepro | 0.10 | 8.50 |
| 03/07/11 | Reconcile January bank statements (.10); compile December and January bank statements and reconciliations for filing (.10).edit same motion (.40). | A. Shepro | 0.20 | 17.00 |
| 03/18/11 | Assemble Forms 1 & 2 for filing with Court. | J. McManus | 0.10 | 24.50 |
| 03/28/11 | Run draft Final Report. | J. McManus | 0.70 | 171.50 |
| 03/31/11 | Review case status. | J. McManus | 0.20 | 49.00 |
| 04/18/11 | Reconcile March bank statements (.10); and file (.10). | A. Shepro | 0.20 | 17.00 |
| 05/11/11 | Reconcile April bank statements (.10), and file (.10). | A. Shepro | 0.20 | 17.00 |
| 11/02/11 | Reconcile August (.10) and September (.10) Bank of America account statements. | A. Shepro | 0.20 | 17.00 |
| 11/29/11 | Prepare/compile documents for transfer of estate bank accounts | R. Knapp | 0.40 | 92.00 |
| 12/02/11 | Reconcile Estate account | R. Knapp | 0.10 | 23.00 |
| 01/04/12 | Prepare Annual Report. | J. McManus | 0.30 | 76.50 |
| 01/23/12 | Prepare Annual Report. | J. McManus | 0.20 | 51.00 |

14503062v.1

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 01/29/12 | Review records of recent transactions and bank statements (.20); perform bank account reconciliation (.20). | R. Knapp | 0.40 | 96.00 |
| 01/30/12 | Revise Annual Report. | J. McManus | 0.30 | 76.50 |
| 02/06/12 | Input recent banking transactions to reconcile estate bank account | R. Knapp | 0.30 | 72.00 |
| 02/28/12 | Telephone conference with claimant regarding case closing status. | J. McManus | 0.10 | 25.50 |
| 03/12/12 | Reconcile bank accounts and update banking file. | J. McManus | 0.10 | 25.50 |
| 03/15/12 | Assemble bank statements for J. Nelson at UST's office in preparation for audit (.20). | J. McManus | 0.20 | 51.00 |
| | | **TOTALS** | **17.30** | **4,656.50** |

14503062v.1