**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-27689 |
| | ) | Chapter 7 |
| WILLIAM KANATAS, | ) | |
| | ) | Hon. Timothy A. Barnes |
| Debtor. | ) | |
| | ) | Hearing Date: |
| | ) | Hearing Time: |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR
COMPENSATION AND EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP
AS COUNSEL TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN**

<u>Name of Applicant</u>:                          Seyfarth Shaw LLP

Authorized to Provide
<u>Professional Services to</u>:                   Chapter 7 Trustee, Gus A. Paloian

Date of Retention:                          March 23, 2010, effective as of Jully 30, 2009

Period for which Compensation
<u>and Reimbursement is Sought</u>:          July 30, 2009 through the close of the case

Amount of Final Compensation
<u>Sought</u>:                                 $13,557.00

Amount of Final Expense
<u>Reimbursement Sought</u>:                  $ 1,958.78

<u>This is a</u>:      __X__ Final        _____ Interim Application.

<u>Prior Applications</u>:  None

Dated: June 11, 2012                          Respectfully submitted,

                                             GUS A. PALOIAN, not individually or
                                             personally, but solely in his capacity as the
                                             Chapter 7 Trustee of  the Debtor's Estate,

                                             By:/s/ Gus A. Paloian_____
                                                Gus A. Paloian (06188186)
                                                James B. Sowka (6291998)
                                                SEYFARTH SHAW LLP
                                                131 South Dearborn Street
                                                Suite 2400
                                                Chicago, Illinois 60603
                                                Telephone:  (312) 460-5000
                                                Facsimile:  (312) 460-7000

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-27689 |
| | ) | Chapter 7 |
| WILLIAM KANATAS, | ) | |
| | ) | Hon. Timothy A. Barnes |
| Debtor. | ) | |
| | ) | Hearing Date: July 18, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE**
**REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL**
**TO CHAPTER 7 TRUSTEE GUS A. PALOIAN**
**FROM JULY 30, 2009 THROUGH THE CLOSE OF THE CASE**

Pursuant to Sections 105(a) and 330 of the United States Bankruptcy Code, Seyfarth

Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely

in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate

(the "Estate") of the above-captioned debtor (the "Debtor"), hereby submits its First and Final

Application for Compensation and Expense Reimbursement (the "Application") for legal

services performed, and expenses incurred, during the period of July 30, 2009, through the close

of the case (the "Application Period"). In support of this Application, Seyfarth respectfully

represents, as follows:

## I.  INTRODUCTION

1.       Seyfarth makes this Application pursuant to:  (A) Sections 330, 503(a) and (b),

and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, as amended

(the "Bankruptcy Code");  (B) Rule 2016 of the Federal Rules (the "Rules") of Bankruptcy

Procedure;  (C) certain applicable provisions of the Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as adopted by the

Office of the United States Trustee;  (D) Rule 5082-1 of the Local Bankruptcy Rules (the "Local

Rules") for the United States Bankruptcy Court for the Northern District of Illinois (the "Court");

(E) that certain Order of the Court, dated March 23, 2010, authorizing Seyfarth's retention as

counsel to the Trustee effective as of July 30, 2009 (the "Seyfarth Retention Order");  and (F)

other applicable case law discussed herein (collectively, the "Authorities for Relief").  In this

regard, Seyfarth has made every reasonable effort to comply with the Authorities for Relief.

2.       In making this Application, Seyfarth respectfully seeks an Order of this Court

awarding and authorizing payment from the Estate of final allowance of compensation in the

amount of $13,557.00 (the "Fees") for professional services rendered by Seyfarth on behalf of

the Trustee during the Application Period and for reimbursement of expenses in the amount of

$1,958.78 (the "Expenses") for actual and necessary expenses incurred by Seyfarth in the

performance of those services.

## II.  JURISDICTION

3.       This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois.  Venue of

this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and

(b)(2)(A), (M), and/or (O).  The predicates for the relief requested herein are 11 U.S.C. §§

105(a), 330, and 331.

## III.  BACKGROUND

### A.       Case Background

4.       On July 30, 2009 (the "Petition Date"), the Debtor filed his voluntary petition for

relief under Chapter 7 of the Bankruptcy Code thereby initiating this case (the "Case").

2

5.      On August 26, 2009, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

6.      Seyfarth was employed as attorneys for the Trustee pursuant to the Seyfarth Retention Order.  A copy of the Seyfarth Retention Order is attached hereto as **Exhibit 1.**

## B.      Summary of Services Rendered by Seyfarth to the Trustee

7.      This is Seyfarth's First and Final Application for compensation and expense reimbursement in the Case.

8.      Seyfarth has neither previously received nor been awarded any compensation of fees, or reimbursement of expenses incurred, related to the Case during the Application Period.

9.      In accordance with Section 504 of the Bankruptcy Code, Rule 2016, and the U.S. Trustee Guidelines, no payments have heretofore been made, promised to, or applied by Seyfarth for services rendered or to be rendered or expenses incurred in any capacity whatsoever in connection with the Case.  Moreover, no agreement or understanding exists between Seyfarth and any other entity for a division of compensation or expense reimbursement to be received herein or in connection with the Case, other than as permitted under the Bankruptcy Code and Rules.

10.     The Fees requested by Seyfarth for legal services rendered to the Trustee during the Application Period aggregate $13,557.00.

11.     All of the Fees for which Seyfarth requests final allowance and payment of compensation relate to the Application Period and were rendered in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee.

14503063v.1

12.     A breakdown of this amount by each Seyfarth professional; each such professional's title, hourly rate, and total hours expended in providing legal services; and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $540.00 (2009) $555.00 (2010) | 4.50 | $2,475.00 |
| James B. Sowka | Sr. Associate | $310.00 (2009) $325.00 (2010) $375.00 (2011) | 3.70 | $1,195.50 |
| Andrew Banas | Associate | $325.00 (2010) | 2.20 | $715.00 |
| M. Ryan Pinkson | Associate | $295.00 (2010) $330.00 (2011) | 13.00 | $3,859.50 |
| Andrew Connor | Paralegal | $265.00 (2012) | 5.60 | $1,484.00 |
| Jennifer M. McManus | Paralegal | $230.00 (2009) $235.00 (2010) $245.00 (2011) | 2.60 | $614.50 |
| Ricki Knapp-Podorovsky | Paralegal | $240.00 (2012) | 3.10 | $744.00 |
| Nina Bouchard | Former Paralegal | $105.00 (2009) $125.00 (2010) | 16.20 | $1,969.00 |
| Alice Shepro | Case Asst. | $80.00 (2010) $85.00 (2011) $90.00 (2012) | 6.00 | $500.50 |
| TOTAL: | | | 56.90 | $13,557.00 |

The above-table indicates the respective discounted hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

4

13.     Biographies for the attorneys listed above describing their qualifications and areas of expertise, are grouped and attached hereto as **Exhibit 2,** which is incorporated herein by reference.

14.     During the Application Period, Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

15.     Seyfarth respectfully submits that its services to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

16.     During the Application Period, Seyfarth has rendered 56.90 hours.  All of the Fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period.  Copies of all such records for the Application Period are attached hereto as **Exhibit 3**.

17.     The services rendered by Seyfarth on behalf of the Trustee primarily have been in connection with the liquidation of the Estate's property and the investigation into the financial affairs of the Debtor.  For the Court's convenience, Seyfarth has separated the services in three categories below:

A.     **Case Administration:**  Seyfarth represented the Trustee with respect to general case administration matters including, preparing and presenting the Trustee's Motion to Employ Attorneys and the Trustee's Motion to Employ Accountants; analyzing the claims filed against the Estate and resolving claims as necessary; preparing this final fee application; and otherwise advising the Trustee as to his duties and obligations under the Bankruptcy Code.

14503063v.1

In connection with the foregoing, Seyfarth has expended 18.80 hours of services for which it requests compensation in the amount of $4,046.50;

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2010 HOURLY RATE | 2011 HOURLY RATE | 2012 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian PARTNER–CHICAGO | N/A | N/A | $600.00 | 0.30 | $180.00 |
| James B. Sowka SR. ASSOCIATE—CHICAGO | N/A | $375.00 | $395.00 | 1.00 | $342.00 |
| M. Ryan Pinkston ASSOCIATE—CHICAGO | $295.00 | $330.00 | N/A | 1.40 | $437.50 |
| Andrew Connor PARALEGAL–CHICAGO | N/A | N/A | $265.00 | 5.60 | $1,484.00 |
| Jennifer McManus PARALEGAL–CHICAGO | N/A | $245.00 | $255.00 | 0.80 | $198.00 |
| Ricki Knapp-Podorovsky PARALEGAL–CHICAGO | N/A | N/A | $240.00 | 3.10 | $744.00 |
| Nina Bouchard FORMER PARALEGAL–CHICAGO | $125.00 | N/A | N/A | 2.50 | $312.50 |
| Alice Shepro CASE ASST--CHICAGO | N/A | $85.00 | N/A | 4.10 | $348.50 |
| **TOTAL** | | | | **18.80** | **$4,046.50** |

18.     During the Application Period, Seyfarth expended 3.40 hours of time, worth a value of $822.00, in preparing the Application.

19.     "Section 330(a) [ ] expressly contemplates compensation for preparation of fee applications." Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 927 (9th Cir. 2002), cert. denied sub nom. Smith v. Grimmett, 538 U.S. 1032, 123 S. Ct. 204, 155 L. Ed. 2d 1060 (2003); see 11 U.S.C. § 330(a)(6).

6

B.    **Investigation of Debtor's Assets and Financial Affairs**:  As requested by the Trustee, Seyfarth spent a considerable amount of time advising and representing the Trustee in connection with the three Motions to Compel the Trustee's Abandonment of Estate Property and the investigation into the scheduled assets of the Debtor, the Debtor's financial affairs and potentially recoverable unscheduled property.  One of the Motions to Compel, which was filed prior to the appointment of the Trustee, sought to compel the Trustee to abandon the Estate's interest in certain real estate; the other two Motions to Compel sought to compel the Trustee to abandon the Estate's interest in certain businesses which the Debtor held ownership interest; the Debtor's schedules of assets and liabilities and statements of financial affairs listed total assets of $2.2 million and total liabilities of $72.4 million; the Debtor's schedules identified two parcels of real property and more than 30 businesses to which he had an interest.  Seyfarth, as requested by the Trustee, Seyfarth reviewed and analyzed various documents produced to the Trustee to determine the value of the assets which were the subject of the Motions to Compel, as well as to identify and determine the value of other assets (scheduled and unscheduled by the Debtor) in an effort to uncover assets of value to the Estate.  Seyfarth investigated the value of all potentially recoverable assets for the benefit of the Estate; ultimately, Seyfarth advised the Trustee that there were no assets of value to recover, other than the personal property which Trustee directed Seyfarth to liquidate.

In connection with the foregoing, Seyfarth has expended 26.10 hours of services for which it requests compensation in the amount of $7,637.50;

A breakdown of the professional services in this category is as follows:

14503063v.1

| PROFESSIONAL, TITLE AND LOCATION | 2009 HOURLY RATE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian PARTNER–CHICAGO | $540.00 | $555.00 | 4.20 | $2,295.00 |
| James B. Sowka SR. ASSOCIATE—CHICAGO | $310.00 | $325.00 | 2.70 | $853.50 |
| Andrew Banas ASSOCIATE—CHICAGO | N/A | $325.00 | 2.20 | $715.00 |
| M. Ryan Pinkston ASSOCIATE—CHICAGO | N/A | $295.00 | 9.30 | $2,743.50 |
| Jennifer McManus PARALEGAL–CHICAGO | $230.00 | $235.00 | 1.80 | $416.50 |
| Nina Bouchard FORMER PARALEGAL–CHICAGO | $105.00 | $125.00 | 4.40 | $494.00 |
| Alice Shepro CASE ASST--CHICAGO | N/A | $80.00 | 1.50 | $120.00 |
| TOTAL | | | 26.10 | $7,637.50 |

C.    **Sale of Property**:  Seyfarth advised the Trustee as to the sale of the

Estate's interest in personal property comprised of luxury watches ("Property"); Seyfarth

represented the Trustee in negotiations with the potential purchaser, as suggested by the Debtor;

Seyfarth found an independent jeweler who was interested in purchasing the Property at a price

which was $3,000.00 higher than the original proposed purchaser and the amount scheduled by

the Debtor; as requested by the Trustee, Seyfarth prepared and presented the Trustee's Motion to

Sell Property; as a direct and proximate result of these services, the Trustee recovered gross

proceeds in the amount of $13,000.00.

In connection with the foregoing, Seyfarth expended 12.00 hours of time for which it

requests compensation in the amount of $1,873.00.

8

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|
| M. RYAN PINKSTON ASSOCIATE—CHICAGO | $295.00 | 2.30 | $678.50 |
| Nina Bouchard FORMER PARALEGAL-CHI | $110.00 | 9.30 | $1,162.50 |
| Alice Shepro CASE ASST—CHICAGO | $80.00 | 0.40 | $32.00 |
| **TOTAL** | | **12.00** | **$1,873.00** |

### C.      Reasonableness of Compensation Requested

20.      In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee.  Such compensation is fair based upon the time, nature, extent and value of such services and the hours expended and the expertise provided.  Seyfarth's efforts have resulted in tangible and substantial benefit to the Estate, as discussed *supra*.

21.      Seyfarth has kept its time in tenths of an hour, or six minute increments, to most accurately reflect the specific tasks performed.

22.      Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent by its attorneys engaging in intra-office conferences and double-staffing hearings.

23.      Under the circumstances, the compensation requested by Seyfarth is fair and reasonable, and its allowance and payment, in full, is justified.

### D.      Expenses Incurred by Seyfarth on behalf of Trustee

24.      Seyfarth has incurred actual and necessary expenses in the amount of $1,958.78 in the performance of the services rendered to the Trustee in the Case.  The expenses primarily

relate to photocopying of pleadings filed with the Court and costs associated legal research

regarding the Motions to Compel Trustee to Abandon.  A detailed listing of the expenses

incurred is attached hereto as **Exhibit 4**.

## IV.  STATEMENT OF APPLICANT PURSUANT TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

25.       Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to

share any compensation or expense reimbursement as a result of the Case with any person, firm

or entity.  No agreement or understanding exists between Seyfarth and any other person, firm or

entity concerning the sharing of compensation or expense reimbursement received, or to be

received, on account of the Case.

## V.  RELIEF REQUESTED

WHEREFORE Seyfarth respectfully requests that the Court enter an Order:

A.       Allowing Seyfarth final compensation in the total amount of $13,557.00;

B.       Allowing Seyfarth reimbursement of expenses in the amount of $1,958.78; and

C.       Granting such other and further relief as this Court deems proper.

Dated:  June 11, 2012                              Respectfully submitted,

                                                   GUS A. PALOIAN, not individually or
                                                   personally, but solely in his capacity as the
                                                   Chapter 7 Trustee of  the Debtor's Estate,


                                                   By:/s/ Gus A. Paloian_____
                                                         Gus A. Paloian (06188186)
                                                         James B. Sowka (6291998)
                                                         SEYFARTH SHAW LLP
                                                         131 South Dearborn Street
                                                         Suite 2400
                                                         Chicago, Illinois 60603
                                                         Telephone:  (312) 460-5000
                                                         Facsimile:  (312) 460-7000

14503063v.1

# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | )    Case No. 09-B-27689-SPS |
| | )    Chapter 7 |
| WILLIAM KANATAS, | ) |
| | )    Hon. Susan Pierson Sonderby |
| Debtor. | ) |
| | ) |
| | ) |

## ORDER AUTHORIZING AND APPROVING RETENTION
## AND EMPLOYMENT OF SEYFARTH SHAW LLP AS
## COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN

This matter having been presented to the Court upon the Application of Gus A. Paloian, not individually, but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor, and upon the accompanying Affidavit of M. Ryan Pinkston (the "Pinkston Affidavit"), for an order authorizing the employment of Seyfarth Shaw LLP ("Seyfarth") as counsel to represent the Trustee in the above-captioned case (the "Case"); and it appearing to the Court that proper notice of this Application has been provided pursuant to applicable rules and statutes and that no further notice is necessary or required; and the Court being satisfied based on the representations made in the Application and the accompanying Pinkston Affidavit that, except as set forth therein, Seyfarth does not represent any interest that is adverse to the Estate and is disinterested under Section 101(14) of the Bankruptcy Code, and that its employment is necessary and is in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED, that in accordance with 11 U.S.C. §§ 105(a), 327(a) and (d), and 328(a), the Trustee is authorized and empowered to retain and employ Seyfarth as his counsel effective as of

July 30, 2009, on the terms and conditions (the "Terms and Conditions") set forth in the

Application and the Pinkston Affidavit attached to the Application, and Seyfarth is authorized to

perform all of the legal services for the Trustee referenced in the Application on such Terms and

Conditions; and it is further

ORDERED, that Seyfarth's compensation and reimbursement in respect of its fees and

expenses incurred representing the Trustee shall be subject to further order of the Court in

accordance with the procedures and standards set forth in sections 330 and 331 of the Code, such

Federal Rules of Bankruptcy Procedure as may be applicable from time to time, and such

procedures as may be fixed by order of this Court.

Dated: 3-23-10

HONORABLE SUSAN PIERSON SONDERBY
UNITED STATES BANKRUPTCY JUDGE

- 2 -

# Exhibit 2

14503063v.1



## Gus A. Paloian
*Partner*
Chicago
Direct: (312) 460-5936
Fax: (312) 460-7936
gpaloian@seyfarth.com
vCard

---

## Biography

**Practices & Sectors**

**Bankruptcy, Workouts & Business Reorganization**

Bankruptcy Litigation

Distressed Transactions

Non-Bankruptcy Remedies

Government Contracts

Commercial Litigation

Real Estate

Development & Construction

Debtor Representation

Mr. Paloian is a partner with a practice emphasis in creditors' rights, bankruptcy, and financial litigation. Prior to joining the Firm in 1985, Mr. Paloian clerked for the Honorable Frederick J. Hertz, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division.

In bankruptcy matters, Mr. Paloian has often represented national banks and finance companies enforcing their remedies and defending their rights. He has represented financial institutions in cases involving debtors in various segments of the manufacturing and service industries and has extensive experience representing financial institutions in real estate bankruptcies, including health club/sporting facilities, office buildings, manufacturing, and warehousing facilities. Mr. Paloian also represents companies in various industries that have experienced financial problems and seek to restructure their financial problems under the Bankruptcy Code. Mr. Paloian was the lead bankruptcy counsel for the Chicago South Shore and South Bend Railroad in its bankruptcy proceedings. Mr. Paloian also serves as a bankruptcy trustee and is a member of the Panel of Trustees for the Northern District of Illinois, Eastern Division.

## Education

- J.D., DePaul University College of Law (1984)
  *cum laude*
- B.A., Northwestern University (1981)
- Certified Lean Six Sigma Yellow Belt

## Admissions

- Illinois

## Affiliations

- American Bankruptcy Institute
- Turn Around Management Association
- National Association of Bankruptcy Trustees
- Chicago Bar Association (Bankruptcy Committee)
- Illinois Bar Association
- American Bar Association

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.



**James B. Sowka**
*Associate*
Chicago
Direct: (312) 460-5325
Fax: (312) 460-7325
jsowka@seyfarth.com | vCard

## Biography

**Practices & Sectors**

**Bankruptcy, Workouts & Business Reorganization**

Bankruptcy Litigation

Debtor Representation

Insurance

Mr. Sowka is a senior associate in the Chicago office of Seyfarth Shaw LLP.  He practices in the areas of bankruptcy law, creditor rights, and commercial and real estate litigation in both federal and state court.  His client representations include secured lenders, trade creditors, insurers, real property lessors, chapter 7 and chapter 11 bankruptcy trustees, and preference action defendants.  Mr. Sowka is also a member of the Seyfarth*Lean* initiative for landlord-tenant issues in retail bankruptcy cases.  Seyfarth*Lean* adopts Lean Six Sigma methodologies through application of a process-driven methodology that involves mapping the delivery of services in order to identify efficiencies and to better predict costs for our clients.

Prior to joining the firm, Mr. Sowka worked as a trial attorney for the U.S. Department of Justice, Office of the U.S. Trustee in both Chicago, Illinois and Miami, Florida where he gained significant experience with bankruptcy asset sales, chapter 11 plan confirmations, chapter 11 trustee and examiner appointments, and investigation and prosecution of bankruptcy fraud and abuse.

Mr. Sowka is an active member of the bar in Illinois and Florida.  At the University of Arizona College of Law, Mr. Sowka was a member of the national moot court team and a judicial extern for the Honorable John F. Kelly in Pima County Superior Court in Tucson, Arizona.

## Education

- J.D., University of Arizona College of Law (2004)
- B.A., University of Illinois (1998)
  Phi Kappa Phi; College Honors

## Admissions

- Florida
- Illinois

## Courts

- U.S. District Court for the Northern District of Illinois
- U.S. Court of Appeals for the Seventh Circuit
- U.S. District Court for the Southern District of Florida

## Affiliations

Chicago Bar Association

- Director, Young Lawyers Section (2011-2012)
- Co-Chair, Young Lawyers Section Bankruptcy Committee (2008-2011)

Bankruptcy Court Liaison Committee, Northern District of Illinois

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

- Representative of the Office of the U.S. Trustee (2007-2008)

American Bankruptcy Institute

## Presentations

- "Commercial Real Estate in Distress" Chicago Bar Association Young Lawyers Section Bankruptcy Seminar (October 7, 2010)
- "Mortgage Fraud," presented by the Office of the United States Trustee, Chicago Bar Association Young Lawyers Section Bankruptcy Committee Meeting (2008)

## Publications

- Author, " U.S. Supreme Court Resolves Circuit Split In Favor Of Secured Lenders' Credit-Bid Rights In Chapter 11 Bankruptcy Cases," One Minute Memo - Seyfarth Shaw (June 4, 2012)
- Co-author, "Not All Retirement Plans Are Created Equal - ERISA Top-Hat Plans Constitute Property of the Bankruptcy Estate," *American Bankruptcy Institute Journal* (September 2011)
- Co-author, "Seventh Circuit Upholds Secured Lenders' Credit-Bid Rights In Chapter 11 Bankruptcy," Seyfarth Shaw *One Minute Memo* (July 15, 2011)
- Co-author, "Lenders' Right to Credit Bid Tested Before 7th Circuit" *The National Law Journal* (November 29, 2010)

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated,
attorneys listed in this Web site are not certified by the Texas Board of
Legal Specialization.



### Ryan Pinkston
*Associate*
Chicago
Direct: (312) 460-5578
Fax: (312) 460-7578
rpinkston@seyfarth.com
vCard

---

## Biography

**Practices & Sectors**

**Commercial Litigation**

Bankruptcy, Workouts & Business Reorganization

Mr. Pinkston is a bankruptcy associate in the Chicago office of Seyfarth Shaw LLP.  Mr. Pinkston's practice focuses on bankruptcy litigation, creditor rights, corporate reorganizations, pre-bankruptcy planning and negotiations, and commercial litigation.  Among other representations, Mr. Pinkston serves as counsel for secured lenders, insurance companies, national banks, trade creditors, and chapter 7 and chapter 11 bankruptcy trustees.  He has represented clients in both state and federal trial and appellate courts in such diverse areas as commercial real estate foreclosure, mass torts, insurance coverage disputes, chapter 11 plan confirmation, bankruptcy asset sales, preference and fraudulent transfer prosecution and defense, breach of contract, and civil rights.

Mr. Pinkston was recognized as a member of Seyfarth Shaw's 2010 Pro Bono Team of the Year and as runner-up for 2010 Pro Bono Associate of the Year.  He is also an active member and committee chair on the Associate Board of Ambassadors for the American Cancer Society of Illinois.

### Education

- J.D., Indiana University - Bloomington (2008)
  *magna cum laude*
  Articles Editor, *Federal Communications Law Journal*
  Order of the Coif
  Dean's List (2005-2008)
- B.A., Washington University in St. Louis (2005)

### Admissions

- Illinois

### Courts

U.S. District Courts for the Northern, Central, and Southern Districts of Illinois

### Affiliations

- Chicago Bar Association
- American Cancer Society of Illinois, Associate Board of Ambassadors (Chair, Discovery Ball Sub-Committee)
- Turnaround Management Association

### Presentations

- Co-presenter, "Practice Pointers in Preference Litigation," Chicago Bar Association (April 5, 2011)

### Publications

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

- Co-author, "Second Circuit's Opinion May Insulate Payments Previously Beyond Bounds Of Bankruptcy Code Section 546(e)," *Seyfarth Shaw One Minute Memo* (September 7, 2011)

- Co-author, "Identifying Corporate and Personal Liability: Issues for D&Os in the Zone of Insolvency," *Business Law & Governance* (June 2011)

- Co-author, "The Implied Warranty of Habitability in Illinois: A Critical Review," 98 *Illinois Bar Journal* 92 (February 2010)

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

# Exhibit 3

14503063v.1

**CASE ADMINISTRATION**

| <u>Date</u> | <u>Timekeeper</u> | <u>Description</u> | <u>Hours</u> | <u>Value</u> |
|---|---|---|---|---|
| 03/02/10 | N. Bouchard | Prepare Seyfarth retention motion. | 0.50 | 62.50 |
| 03/03/10 | N. Bouchard | Revise Seyfarth retention motion (.20); review final conflicts report (.20); prepare Pinkston affidavit in support of retention motion (.30). | 0.70 | 87.50 |
| 03/08/10 | M. Pinkston | Review and revise motion to retain Seyfarth Shaw LLP as counsel for Trustee | 0.50 | 147.50 |
| 03/09/10 | N. Bouchard | Finalize Seyfarth retention motion (.30); cause same to be filed with the Court (.20); oversee service of same (.60). | 1.10 | 137.50 |
| 03/23/10 | J. Sowka | Review application to retain Seyfarth Shaw as counsel for the trustee, case docket, and court call in preparation for hearing on same. | 0.30 | 97.50 |
| 03/23/10 | J. Sowka | Appear in court and present application for employment of Seyfarth Shaw. | 0.40 | 130.00 |
| 03/23/10 | M. Pinkston | Telephone conference with J. Sowka regarding hearing on motion to retain Seyfarth Shaw on behalf of Trustee | 0.10 | 29.50 |
| 03/23/10 | N. Bouchard | Discuss case status with J. Sowka regarding hearing on motion to retain Seyfarth. | 0.20 | 25.00 |
| 03/25/10 | M. Pinkston | Conference with N. Bouchard regarding returned service of filing | 0.10 | 29.50 |
| 02/21/11 | J. McManus | Revise retention motion regarding employment of accountant. | 0.30 | 73.50 |
| 03/07/11 | J. McManus | Confer with A. Shepro regarding finalizing accountant retention motion. | 0.10 | 24.50 |
| 03/08/11 | A. Shepro | Edit Motion to Retain Lois West, CPA (.50); compile motion with Service List and exhibits (.20); create proposed order (.10). | 0.80 | 68.00 |
| 03/08/11 | J. McManus | Review and revise retention motion (.10); confer with A. Shepro regarding same (.10). | 0.20 | 49.00 |
| 03/09/11 | M. Pinkston | Review and revise motion for authority to retain accountant. | 0.30 | 99.00 |
| 03/10/11 | A. Shepro | Edit Motion to Retain Popowcer Accouting per R. Pinkstons' request (.50); confer with R. Pinkston regarding wording of edits (.10); file motion (.30); and serve (1.60). | 2.50 | 212.50 |
| 03/10/11 | M. Pinkston | Review and revise application to retain accountant. | 0.10 | 33.00 |
| 03/10/11 | M. Pinkston | Conference with A. Shepro regarding application to retain accountant for estate. | 0.10 | 33.00 |
| 03/15/11 | A. Shepro | Reservice Kanatas Motion to Retain Accountant to forwarded address of recipient. | 0.20 | 17.00 |

14503064v.1

| Date | Name | Description | Hours | Amount |
|---|---|---|---|---|
| 04/04/11 | J. Sowka | Review message from M. Stark regarding change of address for Alliance, International (.10); confer with J. McManus regarding same (.10). | 0.20 | 75.00 |
| 04/04/11 | M. Pinkston | Review facsimile message regarding change of address for party to receive notice. | 0.10 | 33.00 |
| 04/05/11 | M. Pinkston | Attend hearing on trustee's motion to retain accountants | 0.10 | 33.00 |
| 05/13/11 | A. Shepro | Update mailing labels with current recipient addresses for future filings (.30); update service list with same (.30). | 0.60 | 51.00 |
| 04/23/12 | A. Connor | Conduct docket, pleadings, claims review regarding status of McAdam and Millennium claims (1.00); contact claimants to discuss reclassification, withdrawal of claims (.40); draft related motions, letters (2.10). | 3.50 | 927.50 |
| 04/24/12 | A. Connor | Review, revise draft cover letters regarding agreed claim settlements (.30); review, revise draft motions, agreed orders and forward to G. Paloian for review (.50). | 0.80 | 212.00 |
| 04/25/12 | J. McManus | Follow-up regarding status of agreed orders for final claims analysis. | 0.20 | 51.00 |
| 04/26/12 | A. Connor | Review, update McAdam and Rust agreed orders withdrawing and reclassifying claims (.40) and cover letters (.50); assemble packages and arrange for mailing (.40). | 1.30 | 344.50 |
| 04/26/12 | G. Paloian | Review objections/agreed orders to claims nos. 24, 25 and 1 (.30). | 0.30 | 180.00 |
| 05/15/12 | J. Sowka | Confer with A. Connor regarding revisions to agreed proposed orders striking claims. | 0.10 | 39.50 |
| 05/16/12 | R. Knapp | Review/edit time detail in preparation of exhibit to final fee application. | 0.60 | 144.00 |
| 05/21/12 | R. Knapp | Prepare exhibits to Seyfarth final fee application (1.00); draft Seyfarth fee application (1.50). | 2.50 | 600.00 |
| | | | 18.80 | $4,046.50 |

## INVESTIGATION OF DEBTOR'S ASSETS AND FINANCIAL AFFAIRS

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 09/04/09 | N. Bouchard | Draft letter to Kanatas' counsel requesting documents. | 0.30 | 31.50 |
| 09/08/09 | N. Bouchard | Revise and send Kanatas email to counsel regarding request for additional documents. | 0.20 | 21.00 |
| 09/15/09 | N. Bouchard | Meeting with G. Paloain regarding motion for Trustee to abandon. | 0.10 | 10.50 |
| 09/18/09 | G. Paloian | Analyze materials produced in Kanatas case for potential recoverable transfers and Estate's interest in assets. | 0.70 | 378.00 |
| 09/21/09 | G. Paloian | Analyze documents produced by Trage for potential recoverable transfers and Estate's interest in assets. | 1.20 | 648.00 |
| 09/25/09 | N. Bouchard | E-mail correspondence to creditor regarding document review | 0.20 | 21.00 |
| 09/28/09 | N. Bouchard | Prepare documents to be reviewed by Steve Brown | 0.20 | 21.00 |
| 09/29/09 | G. Paloian | Telephone conferences with J. Gierum regarding motion to abandon regarding Harvey, Illinois property (.40); review documents regarding same (.10). | 0.50 | 270.00 |
| 10/15/09 | N. Bouchard | Review production from Debtor's counsel for G. Paloian. | 0.80 | 84.00 |
| 10/30/09 | J. Sowka | Review and revise motion to extend time to object to discharge. | 0.20 | 62.00 |
| 10/30/09 | J. McManus | Prepare and revise Motion to Extend Time to Object to Debtor's Discharge (.50); prepare Service List (.30); cause Motion to be filed with the Court (.20); oversee service of same (.10). | 1.10 | 253.00 |
| 11/03/09 | N. Bouchard | Review production for information regarding sale of Riverside residence for G. Paloian. | 0.80 | 84.00 |
| 11/04/09 | J. Sowka | Appear in court and present motion to extend time to object to discharge. | 0.50 | 155.00 |
| 11/04/09 | J. Sowka | Prepare for hearing on motion to extend time to object to discharge including review of case docket, court call, and motion. | 0.20 | 62.00 |
| 11/17/09 | J. Sowka | Prepare for hearing on trustee's motion to extend including review of motion and court calendar. | 0.30 | 93.00 |
| 11/17/09 | J. Sowka | Appear in court to present trustee's motion to extend time to object to discharge. | 0.40 | 124.00 |
| 12/01/09 | J. McManus | Telephone conferences with 2 creditors regarding service list (.10); revise service list (.10). | 0.20 | 46.00 |
| 12/18/09 | N. Bouchard | Follow-up phone conversation with U.S. Postal inspector regarding case status. | 0.20 | 21.00 |
| 02/02/10 | J. Sowka | Appear in court and present motion to extend time to object to discharge. | 0.60 | 195.00 |

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 02/02/10 | N. Bouchard | Assemble hearing documents for J. Sowka regarding extension on deadline to object to Debtor's discharge (.10); calendar extension regarding same (.10). | 0.20 | 25.00 |
| 02/23/10 | J. Sowka | Confer with creditor regarding continued section 341 meeting. | 0.20 | 65.00 |
| 02/25/10 | N. Bouchard | Revise criminal referral letter for G. Paloian. | 0.20 | 25.00 |
| 03/02/10 | N. Bouchard | E-mail correspondence with Gretchen Silver at the U.S. Trustee's office regarding retrieval of production. | 0.20 | 25.00 |
| 03/15/10 | N. Bouchard | Download and review recent production from Debtor's counsel. | 0.40 | 50.00 |
| 04/07/10 | M. Pinkston | Telephone conference with J. Sowka regarding hearing attendance. | 0.10 | 29.50 |
| 05/05/10 | N. Bouchard | Review production and follow-up with Debtor's counsel regarding request for additional information for G. Paloian. | 0.60 | 75.00 |
| 05/14/10 | J. Sowka | Draft email to R. Pinkston and N. Bouchard regarding filing of motion to compel trustee to abandon property. | 0.10 | 32.50 |
| 05/14/10 | M. Pinkston | Review motion to compel trustee to abandon asset of estate (.20); conference with G. Paloian regarding same (.20). | 0.40 | 118.00 |
| 05/19/10 | A. Banas | Strategy meeting with R. Pinkston regarding Archer Bank's motion to compel trustee to abandon estate property. | 0.30 | 97.50 |
| 06/01/10 | M. Pinkston | Conference with G. Paloian regarding motion to compel trustee to abandon property (.10); conference with A. Banas regarding same (.20). | 0.30 | 88.50 |
| 06/02/10 | M. Pinkston | Review motion to compel trustee to abandon estate property in preparation for hearing (.70); represent Trustee at hearing regarding motion to compel trustee to abandon property (.70); conference with opposing counsel regarding basis for motion to compel trustee to abandon property (.30); conference with G. Paloian regarding hearing on motion to compel trustee to abandon property and conference with opposing counsel (.10). | 1.80 | 531.00 |
| 07/27/10 | M. Pinkston | Conference with G. Paloian regarding hearing on motion to compel trustee to abandon property of estate | 0.10 | 29.50 |
| 08/03/10 | M. Pinkston | Conference with J. Sowka regarding motion to compel abandonment of property (.20); exchange e-mail correspondence with counsel for Archer Bank regarding motion to compel abandonment of estate property (.20); review proposed settlement agreement and related documents tendered by counsel for Archer Bank regarding property subject to motion to compel abandonment of estate property (.70). | 1.10 | 324.50 |

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 08/03/10 | J. Sowka | Confer with R. Pinkston regarding strategy for hearing on motion to compel abandonment of assets. | 0.20 | 65.00 |
| 08/04/10 | M. Pinkston | Represent trustee at hearing on motion to compel abandonment of assets. | 0.60 | 177.00 |
| 08/04/10 | A. Banas | Strategy discussion with R. Pinkston regarding trustee's response to motion to compel abandonment of estate property. | 0.10 | 32.50 |
| 08/05/10 | J. McManus | Retrieved docket and case pleadings for A. Banas. | 0.10 | 23.50 |
| 08/09/10 | A. Banas | Analyze loan documents and proposed settlement agreement sent by counsel to Archer Bank in connection with Archer Bank's motion to compel Trustee to abandon estate property (.60); strategy discussion with Trustee regarding Archer Bank's loan documents (.10). | 0.70 | 227.50 |
| 08/13/10 | M. Pinkston | Conference with A. Banas regarding motion to compel trustee to abandon property and proposed settlement agreement from movant. | 0.30 | 88.50 |
| 08/17/10 | G. Paloian | Conference with A. Banas regarding motion to compel abandonment. | 0.20 | 111.00 |
| 08/17/10 | A. Banas | Prepare for and appear at hearing on Archer Bank's Motion to Compel Trustee to Abandon Property (.40); confer with counsel to Archer Bank after hearing regarding resolution of Motion (.20). | 0.60 | 195.00 |
| 08/17/10 | J. McManus | Confer with A. Banas regarding results of hearing on motion to abandon property (.10); request additional documentation from Debtor's counsel regarding interest in LLC (.10). | 0.20 | 47.00 |
| 08/18/10 | A. Banas | Analyze loan documents sent by counsel to Archer bank (.40); summarize loan documents in email to Trustee G. Paloian (.10). | 0.50 | 162.50 |
| 08/18/10 | A. Shepro | Review and organize the Kanatas file. | 0.40 | 32.00 |
| 08/23/10 | M. Pinkston | Conference with A. Banas regarding Archer Bank's motion to compel abandonment of interest in LLC. | 0.20 | 59.00 |
| 08/30/10 | G. Paloian | Review motion to abandon (.30); conference with M. Pinkston regarding same (.20). | 0.50 | 277.50 |
| 08/30/10 | M. Pinkston | Retrieve documents for G. Paloian for hearing on motion to compel trustee to abandon property. | 0.30 | 88.50 |
| 08/30/10 | M. Pinkston | Conference with G. Paloian regarding Archer Bank's motion to compel trustee to abandon property. | 0.10 | 29.50 |
| 08/30/10 | M. Pinkston | Conference with A. Banas regarding Archer Bank's motion to compel trustee to abandon property and hearing regarding same. | 0.20 | 59.00 |
| 08/31/10 | G. Paloian | Telephone conference with counsel for Archer Bank (.20); appear at court on motion of Archer Bank to compel abandonment (.90) | 1.10 | 610.50 |

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 08/31/10 | M. Pinkston | Conference with G. Paloian regarding hearing on motion to compel trustee to abandon property | 0.10 | 29.50 |
| 08/31/10 | M. Pinkston | Legal research regarding burden of proof with respect to motion to compel trustee to abandon property | 0.60 | 177.00 |
| 08/31/10 | J. McManus | Legal research regarding property abandonment caselaw for G. Paloian in preparation for court hearing. | 0.20 | 47.00 |
| 09/01/10 | A. Shepro | Prepare documents for G. Paloian hearing (.10); review, sort, and file returned hearing documents (.30). | 0.40 | 32.00 |
| 09/07/10 | M. Pinkston | Legal research regarding pre-judgment attachment pursuant to 735 ILCS 5/4-101 in federal bankruptcy court | 3.10 | 914.50 |
| 09/20/10 | A. Shepro | Folder review for documents produced for G. Silver at the US Attorneys Office by N. Bouchard (.40); confer with J. McManus regarding same (.30). | 0.70 | 56.00 |
| | | **TOTALS** | **26.10** | **$7,637.50** |

14503064v.1

## SALE OF ASSETS

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 03/23/10 | N. Bouchard | Review production files for detailed list of Debtor's watches regarding liquidation of same (.20); review photographs of same (.30); phone conversation with Leon Cooke regarding same (.20); download and send watch photographs to Leon Cooke for review and valuation (.50). | 1.20 | 150.00 |
| 03/25/10 | N. Bouchard | E-mail correspondence with Leon Cooke regarding liquidation of Debtor's watches for G. Paloian. | 0.20 | 25.00 |
| 03/26/10 | N. Bouchard | Phone conversation with Leon Cooke regarding interest in purchasing watches from Estate (.20); e-mail to Debtor's counsel requesting further detail on watch descriptions (.10). | 0.30 | 37.50 |
| 03/29/10 | N. Bouchard | E-mail correspondence to Debtor's counsel requesting further details on Debtor's watches. | 0.10 | 12.50 |
| 03/31/10 | N. Bouchard | E-mail correspondence to Debtor's counsel regarding information on certain watches of the Debtor (.10); attend to phone call from creditor regarding property listed on Debtor's schedules (.20). | 0.30 | 37.50 |
| 04/02/10 | N. Bouchard | E-mail correspondence to Leon Cooke regarding model numbers for watches regarding valuation of same. | 0.20 | 25.00 |
| 04/05/10 | N. Bouchard | Two conversations with Leon Cooke regarding estimated value of watches regarding liquidation of same. | 0.20 | 25.00 |
| 04/12/10 | N. Bouchard | Phone conversation with Leon Cooke regarding interest in watch collection (.10); phone conversation with John Pember regarding same (.10); discuss same with G. Paloian (.10). | 0.30 | 37.50 |
| 04/16/10 | N. Bouchard | E-mail to Debtor's counsel regarding turnover of watches. | 0.10 | 12.50 |
| 04/29/10 | N. Bouchard | Call to Howard Frum regarding review of Debtor's watches with G. Paloian. | 0.20 | 25.00 |
| 04/30/10 | N. Bouchard | Transfer watches to and from firm safe for G. Paloian (.20); discuss preparation of motion to sell assets with same (.10). | 0.30 | 37.50 |
| 05/06/10 | N. Bouchard | Draft motion to sell Debtor's watches for G. Paloian. | 1.50 | 187.50 |
| 05/07/10 | N. Bouchard | Finalize motion to sell Debtor's watches for R. Pinkston. | 0.60 | 75.00 |
| 05/12/10 | M. Pinkston | Review and revise motion for authorization to perform Section 363 sale of estate assets | 0.50 | 147.50 |
| 05/13/10 | N. Bouchard | Revise motion to sell watch collection for R. Pinkston. | 0.80 | 100.00 |
| 05/17/10 | M. Pinkston | Conference with N. Bouchard regarding motion for authorization to sell assets of estate | 0.20 | 59.00 |

| Date | Timekeeper | Description | Hours | Value |
|------|------------|-------------|-------|-------|
| 05/17/10 | N. Bouchard | Finalize sale motion (.10); discuss same with R. Pinkston (.20). | 0.30 | 37.50 |
| 05/18/10 | N. Bouchard | Additional revisions to sale motion for G. Paloian. | 0.40 | 50.00 |
| 05/19/10 | N. Bouchard | Finalize sale motion regarding sale of Debtor's watch collection (.20); assemble exhibits to same (.20); cause same to be filed with the Court (.30); oversee service of same (.10). | 0.80 | 100.00 |
| 06/15/10 | M. Pinkston | Review motion for approval to sell assets of bankruptcy estate in preparation for hearing on same (.50); review file in preparation for hearing (.30); represent G. Paloian, chapter 7 trustee, at hearing on motion for approval to sell assets of bankruptcy estate (.80) | 1.60 | 472.00 |
| 06/17/10 | N. Bouchard | Communications with Howard Frum regarding sale of fine watch collection (.30); provide copy of court order to same (.20); deliver watch collection to Howard Frum Jewelers regarding same (.90). | 1.50 | 187.50 |
| 09/01/10 | A. Shepro | Confer with J McManus regarding sale of assets (.10); search and review sale of assets for tax return (.30). | 0.40 | 32.00 |
| | | **TOTALS** | **12.00** | **$1,873.00** |

| Task | Description | Hours | Value |
|------|-------------|-------|-------|
| A | Case Administration | 18.80 | $4,046.50 |
| I | Investigation of Debtor's Assets and Financial Affairs | 26.10 | $7,637.50 |
| S | Sale of Assets | 12.00 | $1,873.00 |
| | **TOTALS** | **56.90** | **$13,557.00** |

14503064v.1

# Exhibit 4

14503063v.1

## DISBURSEMENTS

### Copying

| Date | Disbursements | Value |
|------|---------------|-------|
| 03/09/10 | Copying—Motion to Retain Attorneys | 567.40 |
| 05/19/10 | Copying—Motion to Sell Property | 449.70 |
| 06/18/10 | Copying | 0.10 |
| 03/10/11 | Copying—Motion to Retain Accountants | 416.30 |
| | **TOTALS** | **$1,433.50** |

### Online Research—related to advising Trustee regarding Motion to Compel Abandonment

| Date | Disbursements | Value |
|------|---------------|-------|
| 08/31/10 | Inv#: 821293216 Office: CHICAGO User: MCMANUS,J ENNIFER M | 1.45 |
| 08/31/10 | Inv#: 821293216 Office: CHICAGO User: MCMANUS,J ENNIFER M PREMIER RESERVE | 1.51 |
| 08/31/10 | Inv#: 821293216 Office: CHICAGO User: MCMANUS,J ENNIFER M | 3.17 |
| 08/31/10 | Inv#: 1008001960 User: PINKSTON, RYAN SHEPARD'S SERVICE LEGAL CITATION SERVICES | 3.74 |
| 08/31/10 | Inv#: 821293216 Office: CHICAGO User: MCMANUS,J ENNIFER M | 4.48 |
| 08/31/10 | Inv#: 821293216 Office: CHICAGO User: MCMANUS,J ENNIFER M PREMIER RESERVE | 4.59 |
| 08/31/10 | Inv#: 1008001960 User: PINKSTON, RYAN LEXIS LEG AL SERVICES DOCUMENT PRINTING | 9.54 |
| 08/31/10 | Inv#: 1008001960 User: PINKSTON, RYAN LEXIS LEG AL SERVICES SINGLE DOCUMENT RETRIEVAL | 12.93 |
| 08/31/10 | Inv#: 1008001960 User: PINKSTON, RYAN LEXIS LEG AL SERVICES SEARCHES | 36.48 |
| 08/31/10 | Inv#: 821293216 Office: CHICAGO User: MCMANUS,J ENNIFER M | 117.55 |
| 08/31/10 | Inv#: 1008001960 User: PINKSTON, RYAN LEXIS LEG AL SERVICES COMBINED SEARCH COMPONENT | 118.02 |
| 08/31/10 | Inv#: 821293216 Office: CHICAGO User: MCMANUS,J ENNIFER M PREMIER RESERVE RESULTSPLUS SELECT | 211.82 |
| | **TOTAL** | **$ 525.28** |

| Expense Category | Total |
|------------------|-------|
| Copying | $1,433.50 |
| Legal Research | $525.28 |
| **Total Expenses** | **$1,958.78** |